967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo MARSH-ROMERO, Defendant-Appellant.
 No. 90-50112.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided June 18, 1992.
 
 Before WALLACE, Chief Judge, and BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricardo Marsh-Romero (Marsh) appeals his conviction and sentence for illegal reentry into the United States following a conviction for an aggravated felony and a subsequent formal deportation in violation of 8 U.S.C. § 1326(b)(2). We affirm Marsh's conviction, but vacate his sentence and remand for resentencing.
 
 DISCUSSION
 A. Sufficiency of the Evidence
 
 3
 Marsh argues that the government failed to establish that his presence in the United States on August 15, 1989, when he was transferred from the custody of the California authorities to the INS, was voluntary. He contends that a conviction cannot be sustained under 8 U.S.C. § 1326(b)(2) unless the defendant's presence in the country was voluntary. Marsh argues that his presence in the country on August 15, 1989 was not voluntary because he was being released from the California State Prison system where, of course, he had been held against his will. However, he was formally deported in 1980, and the court could reasonably infer that he was voluntarily in the country when he committed the offense for which he was convicted on September 5, 1985. It could hardly be otherwise. Certainly, he was here when convicted and while serving his sentence. That his presence in prison was not voluntary, or that he wished he was not in the United States on August 15, 1989 is immaterial.
 
 
 4
 Marsh's argument suggests that had he been indicted for his illegal presence in the country on a date prior to his arrest on state charges, his presence would have been voluntary, but that any voluntariness was terminated upon his incarceration on the state charges. The district court, nevertheless, could reasonably infer that while Marsh was not voluntarily in prison, he was still voluntarily in this country. On the basis of the evidence presented to the district court a rational trier of fact could have found beyond a reasonable doubt that Marsh violated section 1326. United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988). Accordingly, we affirm his conviction.
 
 B. The Upward Departure
 
 5
 The Government concedes that the district court erred in sentencing Marsh to a 60 month term. "Prior to imposing a sentence greater than that set by the guidelines, the sentencing court must advise the defendant and his counsel of the proposed upward departure, and give the defendant an opportunity to comment." United States v. Rafferty, 911 F.2d 227, 230 (9th Cir.1990). The court neither gave notice of its intent to depart upward nor did it sufficiently explain its reasons for the upward departure. See United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991) (en banc). We vacate Marsh's sentence and remand the matter to the district court for resentencing. The court must resentence Marsh within the Guidelines or give notice of the proposed departure and clearly state permissible reasons for an upward departure and for its amount on the record.
 
 CONCLUSION
 
 6
 We AFFIRM Marsh's conviction. We VACATE his sentence and REMAND for resentencing.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3